**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CAROL H. SHERRON,**

    **Plaintiff,**

vs.                                                                   Case No.  8:05-CV-1820-T-EAJ

**MICHAEL J. ASTRUE,**[1]
**Commissioner of Social Security,**

    **Defendant.**

_____ /

## **FINAL ORDER**

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United Sates Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits and supplemental security income.[2]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Therefore, pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 12).

applicable legal standards. See 42 U.S.C. § 405(g) (2003). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979) (citations omitted).[3]

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

Plaintiff alleges that she became disabled from a car accident on June 30, 2000, resulting in neck pain, carpal tunnel syndrome, nervousness, depression, back pain, headaches, and anger. (T 51, 62-66) Plaintiff filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") on May 22, 2002. (T 51) After her applications were denied, the ALJ held a hearing on January 18, 2005. (T 371) The ALJ denied benefits to Plaintiff on June 24, 2005. (T 25-26) The Appeals Council denied Plaintiff's request for review on July 29, 2005, allowing the ALJ's decision to stand. (T 4-6) Plaintiff filed a timely petition for judicial review of the Commissioner's denial after exhausting all administrative remedies (Dkt. 1). Under the Act, the

---

[3] Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981).

Commissioner's decision is ripe for review.

At the time of the hearing with the ALJ, Plaintiff was forty-four years old and had a high school education. (T 376) Her past work experience includes employment as an order filler, automobile parts deliverer, convenience store clerk, convenience store manager, and inspector on an assembly line. (T 75, 377-79) To determine whether Plaintiff is disabled, the ALJ undertook a five-step evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date and continued to meet the insured requirements of the Act through the date of the decision. (T 25) Second, the ALJ noted that Plaintiff has the following medically determinable physical impairments: "cervical radiculopathy, a history of carcinoma of the cervix, and a history of carpal tunnel release, right." (T 22) While these impairments are "severe" within the meaning of the Regulations, the ALJ determined that they are not severe enough to equal, individually or collectively, an impairment in the Listing of Impairments. (Id.) Additionally, the ALJ found that Plaintiff's mental impairments are not severe and her allegations of pain are not credible because they are inconsistent with the record. (T 22-23) Fourth, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") for a restricted range of sedentary work.[4] (T 24) Based upon the RFC and the testimony of the vocational expert ("VE"), the ALJ found that Plaintiff could perform her past work as an inspector on an assembly line; therefore, according to the ALJ, Plaintiff is not disabled as defined in the Act. (T 24-25)

Plaintiff argues that the Commissioner erred by (1) finding that Plaintiff could return to past

---

[4] The ALJ noted specifically that Plaintiff's RFC is limited to lifting ten pounds occasionally and five pounds frequently, pushing or pulling ten pounds occasionally and five pounds frequently, standing or walking six hours in an eight-hour workday, and sitting six hours in an eight-hour workday. Plaintiff must alternate sitting and standing every thirty minutes, and she can occasionally climb stairs and ramps, balance, stoop, kneel, crouch, or crawl. However, she can never climb ropes, ladders, or scaffolding, work at unprotected heights, or reach overhead. (T 23-24)

relevant work; (2) failing to fully credit or develop the opinion of Plaintiff's treating physician; (3) failing to fully and adequately question the VE; and (4) failing to fully and adequately weigh the substantial evidence in this matter (Dkt. 21 at 2).[5]

The medical evidence has been summarized in the ALJ's decision and will not be repeated here except as necessary to address the issues presented.

## II.

**A.**     Plaintiff contends that the ALJ failed to fully credit or develop the opinion of Plaintiff's treating physician. In addition, Plaintiff argues that the ALJ failed to adequately question the VE regarding Plaintiff's medical impairments. Since these two arguments are intertwined, they are addressed together.

Generally, a treating physician's opinion in entitled to considerable weight unless there is good cause to reject such an opinion. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982) (citations omitted). While the ALJ may reject the opinion of a treating physician if it is unsupported by objective medical evidence, conclusory, or contrary to the evidence, Bloodsworth, 703 F.2d at 1240 (citations omitted), the ALJ must state with particularity the weight given to different medical opinions and the reasoning therefor. Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987) (citation omitted).

In the present case, Plaintiff alleges that the ALJ failed to fully credit the medical opinion of Jed P. Weber, M.D. ("Dr. Weber"), her treating neurologist. On July 29, 2002, Dr. Weber examined Plaintiff's ability to do work-related activities and evaluated her physical limitations and impairments. (T 167-69) In support of her claim of disability, Plaintiff relied on Dr. Weber's

---

[5] Plaintiff's fourth argument was not developed in her brief and, accordingly, will not be addressed.

medical statement of his evaluation of Plaintiff. (Id.) In this document, Dr. Weber noted that Plaintiff has limited reaching in all directions including overhead due to her cervical radiculopathy.[6] (T 169) The record shows that the ALJ considered at least part of Dr. Weber's opinion. (T 24) The ALJ summarized Dr. Weber's medical opinion as follows:

> On July 29, 2002, the claimant's treating neurologist . . . opined that the claimant could lift less that 10 pounds. Standing and/or walking would not be affected by her impairment. The claimant must periodically alternate sitting and standing to relieve pain [and/or] discomfort. Pushing and/or pulling are limited in upper extremities to no greater than 10 pounds. Postural limitations include occasionally climbing, balancing, kneeling, crouching and never crawling. *Reaching in all directions (including overhead) is limited.*

(Id.) (emphasis added).

In her summary of Dr. Weber's opinion, the ALJ specifically noted all the reaching limitations; however, she found that Plaintiff's RFC is limited reaching overhead and didn't address the other reaching limitations. (Id.) The Eleventh Circuit requires that the Commissioner accord substantial or considerable weight to the opinion of a treating physician, absent good cause to disregard the opinion. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). In the instant case, the ALJ did not explain whether she rejected the treating neurologist's findings about limited reaching in all directions.

Further, Plaintiff argues that the ALJ failed to incorporate certain of Dr. Weber's findings, especially the "limited reaching in all directions" conclusion, into the hypothetical posed to the VE and into the ALJ's assessment of Plaintiff's RFC (Dkt. 21 at 10-11). The testimony of a VE is required to determine if the plaintiff's RFC permits her to do other work after the plaintiff has met

---

[6] Dr. Weber also noted that Plaintiff should not lift, pull, or push more than ten pounds, and she must alternate sitting and standing. (T 167-68) Dr. Weber indicated that Plaintiff could occasionally climb, balance, kneel, and crouch, but she should never crawl. (T 168) The ALJ's findings are not inconsistent regarding these limitations and, therefore, are not contested by Plaintiff.

her initial burden of showing that she cannot do past work. Chester v. Bowen, 792 F.2d 129, 131-32 (11th Cir. 1986) (citations omitted). Additionally, a VE's testimony constitutes substantial evidence only when the hypothetical questions included all of the restrictions imposed by the claimant's impairments. Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999), cert. denied, 529 U.S. 1089 (2000). The ALJ's questions to the VE must comprehensively describe all of Plaintiff's impairments. See Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985) (a hypothetical question posed to the VE must include all of a plaintiff's severe impairments; otherwise, the VE's answer is insufficient evidence to support the ALJ's findings). While the ALJ is not required to include in the hypothetical questions limitations that she finds unsupported by the record, see Callahan v. Barnhart, 186 F. Supp. 2d 1219, 1229 (M.D. Fla. 2002) (citations omitted), the ALJ must still explain with particularity the "weight . . . given to a treating physician's opinion and any reason for giving it no weight." MacGregor, 786 F.2d at 1053.

In the instant case, the ALJ asked the VE four hypothetical questions. (T 404-06) In the second hypothetical, the ALJ asked the VE to consider that the individual could perform "[n]o overhead reaching." (T 405) Neither in that hypothetical nor the others did the ALJ specifically ask the VE to consider limited reaching in *all* directions. (T 404-06) Yet in denying Plaintiff's claims, the ALJ relied on the VE's testimony that Plaintiff could perform her past work as an inspector on an assembly line. (T 24)

As previously noted, the ALJ found that Plaintiff had the RFC "for a restricted range of sedentary work activity," which included no overhead reaching. (Id.) In making her assessment, the ALJ compared the State agency reviewing physician's opinion and Plaintiff's treating neurologist's opinion and found that they both suggested Plaintiff could perform work activity

within certain limits. (22, 24) Specifically, the ALJ noted that Dr. Weber's opinion was Plaintiff had limited reaching in all directions including overhead. (22) However, the ALJ included only a limitation for overhead reaching in Plaintiff's RFC analysis. (T 23-24) The ALJ never addressed the discrepancy about reaching in all directions in either her findings or in her hypothetical questions to the VE. The ALJ's opinion fails to mention what weight, if any, she accorded this part–limited reaching in all directions–of the treating neurologist's opinion. It is unclear whether the ALJ applied the proper legal standard and gave the neurologist's evidence substantial or considerable weight or found good cause not to do so.

Accordingly, it is necessary to reverse and remand the case for reconsideration by the Commissioner to evaluate all the evidence according to the respective weight required by law or state her reasoning for doing otherwise. Among other things, the Commissioner shall specifically address Dr. Weber's opinion that Plaintiff has limited reaching in all directions.

**B.**    Plaintiff also argues that the ALJ incorrectly determined that Plaintiff can return to past relevant work (Dkt. 21 at 2). The plaintiff has the initial burden of establishing that she can no longer perform her past relevant work. Sryock v. Heckler, 764 F.2d 834, 835-36 (11th Cir. 1985) (citation omitted). The ALJ must consider all the duties of the past work in combination with the plaintiff's impairments and evaluate the plaintiff's ability to perform her past work in spite of her impairments. Lucas v. Sullivan, 918 F.2d 1567, 1574 (11th Cir. 1990) (citations omitted). As noted above, it is unclear whether the ALJ accepted or rejected the treating neurologist's opinion that Plaintiff had limited reaching in all directions; in fact, the ALJ noted that opinion in her decision. (T 24) Furthermore, the ALJ posed several hypothetical questions to the VE, none of which included a limitation in reaching in all directions. (T 404-06) While the ALJ asked about Plaintiff's

duties as an inspector on an assembly line, the ALJ did not ask any questions about reaching; nor did Plaintiff offer any information about the reaching requirements of the job. (T 379)

Because the ALJ failed to fully evaluate the treating neurologist's opinion and failed to determine if Plaintiff's past work required reaching, it cannot be determined on the present record whether the ALJ's decision is supported by substantial evidence, specifically as to whether Plaintiff could perform past relevant work. Accordingly, this case is remanded for further consideration. On remand, the Commissioner should specifically credit or reject the contested portion of Plaintiff's treating neurologist's opinion and determine the reaching requirements of Plaintiff's prior work. If necessary, the ALJ shall ask the VE additional hypothetical questions. Both parties shall be afforded an opportunity to present additional evidence on the issues remaining for determination. The court expresses no view as to what the result should be on remand.

## Conclusion

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

(1) The decision of the Commissioner is **REVERSED** and the case is **REMANDED** for further proceedings and consideration consistent with the foregoing; and

(2) The Clerk of Court is directed to enter final judgment pursuant to 42 U.S.C. § 405(g) as this is a "sentence four remand." Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993); Newsome v. Shalala, 8 F.3d 775, 779-80 (11th Cir. 1993).

**DONE AND ORDERED** in Tampa, Florida this 23rd day of February, 2007.

ELIZABETH A JENKINS
United States Magistrate Judge